**KAMEN SOAP PRODUCTS CO., Inc.,**
Appellant,

v.

**Neil H. McELROY, Secretary of Defense,**
et al., Appellees.

No. 13707.

United States Court of Appeals
District of Columbia Circuit.

Argued May 2, 1958.

Decided June 5, 1958.

Mr. Sheldon E. Bernstein, Washington, D. C., with whom Mr. Samuel E. Hirsch, Chicago, Ill., was on the brief, for appellant.

Mr. William A. Klein, Attorney, Department of Justice, for appellees. Asst. Atty. Gen. George C. Doub, Messrs. Oliver Gasch, U. S. Atty., and Paul A. Sweeney, Attorney, Department of Justice, were on the brief for appellees. Mr. Samuel D. Slade, Attorney, Department of Justice, also entered an appearance for appellees.

Before EDGERTON, Chief Judge, and FAHY and WASHINGTON, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment on the pleadings entered by the District

Court on November 6, 1956, in favor of defendants-appellees. Plaintiff-appellant's suit was to set aside the judgment of the Court of Claims in Kamen Soap Products Co., Inc., v. United States, 1954, 124 F.Supp. 608, 129 Ct.Cl. 619, and to compel defendants in their official capacities to afford plaintiff "administrative relief under [the] contract" which was the subject of that judgment. Essentially, plaintiff seeks relief from the Court of Claims judgment, which decreed forfeiture of plaintiff's claim against the United States because of plaintiff's fraudulent conduct, 28 U.S.C. § 2514 (1952). The relief is sought on the ground that certain testimony by Government witnesses was false.[1] Plaintiff's counsel stated to this court that he does not claim the testimony was wilfully false.

After the Court of Claims rendered its judgment, rehearing was sought and was denied, 1955, 130 Ct.Cl. 813. Later, after the Government had unsuccessfully tried to convict plaintiff's president of a violation of 18 U.S.C. § 1001 (1952), plaintiff filed a motion in the Court of Claims under its Rule 54(b), 28 U.S.C., requesting relief from the judgment, on the grounds urged before the District Court and now before this court. The motion was overruled by the Court of Claims on November 8, 1955. 1955, 133 Ct.Cl. 966. In April of 1956, the present litigation was brought in the District Court for the District of Columbia, and (as noted above) judgment was entered for defendants in November, 1956. In the

following month, after noting this appeal, plaintiff brought a new action against the United States in the Court of Claims, seeking relief from the original Court of Claims judgment. 124 F.Supp. 608, 129 Ct.Cl. 619. This action was dismissed by the Court of Claims on December 4, 1957.

We think the District Court acted correctly in granting judgment on the pleadings before it, and in thus leaving the decision of the issues to the Court of Claims, whose jurisdiction to resolve them had been invoked by the plaintiff. The subsequent action of that court, on December 4, 1957, has not of course improved plaintiff's position.

Affirmed.

---

1. The claim of falsity relates to the "abstract of all bids" to which the Court of Claims referred in its opinion of October 5, 1954 (at page 610 of 124 F.Supp., and at page 624 of 129 Ct.Cl.). In the Court of Claims this document was used by certain Government witnesses, who stated they had no independent recollection of the events there summarized, as the basis of their testimony. At the criminal trial, discussed *infra*, cross-examination of these witnesses is said to have developed that the document was not the original, and that it could not be proved to be a reproduction of the original. Variations in testimony by

these witnesses from that given in the Court of Claims were also developed. Nothing now alleged by the plaintiff relates to the plaintiff's offering of questioned documents, as described by the Court of Claims in its opinion (at pages 617–622 of 124 F.Supp. and at pages 636–645 of 129 Ct.Cl.) and findings of fact (Nos. 59–90, at pages 684–714 of 129 Ct.Cl.), except that plaintiff alleges that the view of the Court of Claims as to these matters must have been influenced by the fact that the "abstract of all bids" contained nothing which would substantiate plaintiff's contentions with regard to the questioned documents.